IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAHYAR TALEBINEJAD, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 3:25-cv-329 |
| ) | Judge Stephanie L. Haines |
| LEONARD OTTO *Warden, Moshannon* ) | Magistrate Judge Patricia L. Dodge |
| *Valley ICE Processing Center*, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM ORDER

Presently before the Court is Petitioner Shahyar Talebinejad's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 at ECF No. 1 ("Habeas Petition") and Petitioner's Motion for a Preliminary Injunction ("P.I.") at ECF No. 2 ("Motion for P.I."). Petitioner, who is detained at the Moshannon Valley Processing Center ("MVPC"), raises two claims in his underlying Habeas Petition. First, at Count I, Petitioner alleges that the length of his post-removal detention has exceeded the presumptively reasonable period set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and, that his continued detention is unlawful because there is no significant likelihood that his removal will occur in the reasonably foreseeable future. ECF No. 1, pp. 7–8. Second, at Count II, Petitioner contends that Respondents violated due process by "denying him an individualized custody review to which he is entitled under ICE policy." ECF No. 1, p. 9, ¶ 31. In his Motion for a P.I., ECF No. 2, and his accompanying Brief in Support. ECF No. 3, Petitioner reiterates Count I and requests that this Court Order that Respondents immediately release him. *See* ECF No. 2, p. 2.

This matter was referred to Magistrate Judge Patricia L. Dodge ("Magistrate Judge Dodge") for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D. On December 3, 2025, Magistrate Judge Dodge filed a Report and

1

Recommendation, ECF No. 16, recommending that:

> [The] Court deny Petitioner's motion for preliminary injunctive relief, deny Count II of the Petition (a due process claim related to the alleged failure to conduct the 90-day custody review), and direct that Petitioner file a supplement to Count I of the Petition once his detention has surpassed the six-month period presumed reasonable in *Zadvydas* or when factual developments warrant it.

ECF No. 16, p. 1. Petitioner was advised that he could file objections to the Report and Recommendation by December 17, 2025. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner has not filed any objections, and the time to do so has expired.

Upon review of the record and the Report and Recommendation, ECF No. 16, under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will, as supplemented herein, accept in full the findings and well-reasoned recommendations of Magistrate Judge Dodge.[1]

---

[1] The Court takes this opportunity to explain its decision more fully as six months have now passed since Petitioner was re-detained on June 24, 2025. ECF No. 16, p. 3.

Relative to Count I, Magistrate Judge Dodge succinctly explained the following:

> The *Zadvydas* Court held that post-removal detention for six months is "presumptively reasonable."[*Zadvydas*, 533 U.S.] at 701. Beyond six months, if removal is no longer reasonably foreseeable, continued detention is no longer authorized under § 1231(a)(6). Thus, at that point, the Supreme Court explained, a noncitizen could bring a claim in a federal habeas petition asserting that ICE no longer has the statutory authority for continued detention. *Id.* at 700-01.

ECF No. 16, p. 9.

Indeed, the language of the Supreme Court's decision in *Zadvydas* and the continued discussion of that decision by the Supreme Court and the Third Circuit clarify that an alien's due process challenge to the length of his post-removal detention under 8 U.S.C. § 1231(a) may only be brought after his post-removal detention has exceeded the six-month, presumptively reasonable period. *See e.g., Zadvydas*, 533 U.S. at 701 ("*After this 6–month period*, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.") (emphasis added); *Clark v. Martinez*, 543 U.S. 371, 378 (2005) ("The [*Zadvydas*] Court further held that the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; *after that*, the alien is eligible for conditional release if he can demonstrate[....]") (emphasis added) (called into question on other grounds by *Alleyne v. United States*, 570 U.S. 99 (2013)); *Alexander v. Attorney General U.S.*, 495 F.App'x. 274, 276 (3d Cir. 2012) ("While the language of section 1231(a)(6) does not impose clear statutory limits, temporal or otherwise, on the Government's ability to detain aliens prior to their removal, the Supreme Court in *Zadvydas* held that *after a six-month period of presumptively reasonable detention*, the alien may 'provide[ ] good reason to believe that there is no significant

2

An appropriate Order follows:

## ORDER

AND NOW, this 2nd day of January 2026, IT IS HEREBY ORDERED that Magistrate Judge Dodge's Report and Recommendation, ECF No. 16, is adopted as the Opinion of the Court as supplemented in the foregoing Memorandum Order; and,

---

likelihood of removal in the reasonably foreseeable future....'") (emphasis added) (quoting *Zadvydas,* 533 U.S. at 701); *Leslie v. Attorney General of U.S.*, 363 F.App'x. 955, 958 (3d Cir. 2010) (same); *Rodney v. Mukasey*, 340 F.App'x. 761, 764 (3d Cir. 2009) ("*After six months*, the alien is eligible for conditional release if [....]") (emphasis added); *Barenboy v. Attorney General of U.S.*, 160 F. App'x 258, 261 n.2 (3d Cir. 2005) ("*Once the six-month period has passed*, the burden is on the alien to 'provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future....'") (emphasis added) (quoting *Zadvydas,* 533 U.S. at 701); *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("This six-month period thus must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under *Zadvydas*."). As such, this Court declines to adopt the approach taken by other District Courts that would permit *Zadvydas* claims to be raised *prior* to the expiration of six months of post-removal detention as that position seemingly nullifies the six-month presumption adopted by the Supreme Court. *See* ECF No. 16, pp. 10–11 (discussing this theory as set forth in Munoz-Saucedo v. Pittman, 789 F. Supp. 3d 387, 395-98 (D.N.J. 2025)).

Therefore, in this case, because this Court has rejected the aggregation approach when determining whether a petitioner who was re-detained after an extensive period of time released on an Order of Supervision ("OSUP") is currently detained in violation of § 1231(a)(6), *see e.g., Roe v. Oddo*, 3:25-cv-128, 2025 WL 3030692, at *7 n. 8 (W.D. Pa. Oct. 30, 2025) *Pan v. Oddo,* No. 3:25-cv-265, (W.D. Pa. Aug. 22, 2025) (ECF No. 9 at 2 n.1), Petitioner could not, and indeed did not, sufficiently allege a prima facie *Zadvydas* claim, demonstrating a likelihood of success on the merits, at the time he filed his Motion for a P.I. on October 3, 2025. Indeed, Petitioner was re-detained by ICE on June 24, 2025, ECF No. 1, ¶ 18; ECF No. 3, p. 2; ECF No. 1-4—six months from that date is approximately December 24, 2025. For this reason, the Court will adopt Magistrate Judge Dodge's well-reasoned recommendation that "the Court should deny Petitioner's motion for preliminary injunctive relief on Count I" because "Petitioner has not established a reasonable probability of eventual success on that claim as currently pled[.]" ECF No. 16, p. 12. *See Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (explaining that failure to make a showing of either threshold factor is fatal to a request for injunctive relief).

Further, because Petitioner's detention has now crossed the threshold of the presumptively reasonable period of post-removal detention—six months—the Court will likewise adopt Magistrate Judge Dodge's Report and Recommendation and permit Petitioner to Supplement Count I of his underlying Habeas Petition. As such, Petitioner's Motion for Leave to File Supplemental Pleading, ECF No. 18, will be GRANTED.

Finally, relative to Count II, Magistrate Judge Dodge correctly recommends that this Court deny that count on the merits as "Petitioner has conceded that Respondents provided him with the 90-day custody review" and "cited no legal authority to show that this Court can review the discretionary decisions made during his review[.]"ECF No. 16, p. 12 (citing ECF 11, pp. 10–11).

For the above reasons, the Court will adopt Magistrate Judge Dodge's Report and Recommendation, ECF No. 16, in full, as supplemented above.

IT IS FURTHER ORDERED that Count II of Petitioner Shahyar Talebinejad's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 at ECF No. 1 is DISMISSED; and,

IT IS FURTHER ORDERED that Petitioner's Motion for a Preliminary Injunction, ECF No. 2, is DENIED; and,

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to File Supplemental Pleading, ECF No. 18, is GRANTED; and,

IT IS FURTHER ORDERED that all remaining matters are returned to the assigned Magistrate Judge for consideration in the first instance.

BY THE COURT:

/s/ Stephanie L. Haines
Stephanie L. Haines
United States District Judge
