IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAHYAR TALEBINEJAD, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 3:25-cv-329 |
| ) | Judge Stephanie L. Haines |
| LEONARD OTTO *Warden, Moshannon* ) | Magistrate Judge Patricia L. Dodge |
| *Valley ICE Processing Center, et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM ORDER

Presently before the Court is Petitioner Shahyar Talebinejad's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) ("Petition"). Petitioner was detained at the Moshannon Valley Processing Center ("MVPC") when he raised two claims in his Petition.[1] First, Petitioner alleges that his post-removal detention has exceeded the presumptively reasonable period set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and, relatedly, that there is no significant likelihood that his removal would occur in the reasonably foreseeable future, rendering his continued detention unlawful. ECF No. 1, pp. 7–8. This matter was referred to Magistrate Judge Patricia L. Dodge for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

On February 18, 2026, Magistrate Judge Dodge filed a Report and Recommendation (ECF No. 23), recommending that the Petition (ECF No. 1), be granted stating that Petitioner's detention since June 24, 2025, has become unreasonable under 28 U.S.C. § 1231(a)(6), and that removal is not foreseeable. ECF No. 23, p. 8. The Parties were advised that they could file objections to the

---

[1] Petitioner was transferred to another detention facility, however, this Court retains jurisdiction to decide the Petition because it was filed while he was detained at MVPC which is located in the Western District of Pennsylvania. See e.g., *Khalil v. President of the United States*, 164 F.4th 259, 270-71 (3d Cir. 2026) (habeas court with jurisdiction does not lose it because the detainee has been moved out of the district).

1

Report and Recommendation within 14 days. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed, and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 23), under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Dodge in this matter. Judge Dodge correctly found that Petitioner has been detained beyond the presumptively reasonable period under *Zadvydas* and that Petitioner has sustained his burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. ECF No. 23, p. 8. Respondents provide no evidence that Petitioner's homeland of Iran will receive Petitioner, nor have they provided any indication that they are seeking removal to a third country.

An appropriate Order follows:

## ORDER

AND NOW, this 12th day of March 2026, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is GRANTED; and,

IT IS FURTHER ORDERED that Magistrate Judge Dodge's Report and Recommendation, (ECF No. 23), is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that Respondents are to release Petitioner forthwith under conditions consistent with the applicable law and an appropriate Order of Supervision ("OSUP"). The Clerk of Court is to mark this case closed.

BY THE COURT:

Stephanie L. Haines
United States District Judge